EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

J. MICHAEL SEABRIGHT
CRAIG H. NAKAMURA
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 22 2002

at _____ o'clock and _____ min. _____ M.
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. _____  CR02-00209 DAE |
| Plaintiff, | |
| vs. | INDICTMENT |
| DAVID K.H. LEE,          (01)<br>HARVEY T. HIRANAKA,      (02)<br>ARTHUR M. ANDRES,        (03)<br>SAMUEL K.Y. HO,          (04)<br>EDUARDO C. MINA,         (05)<br>COLLIN M. OSHIRO,        (06)<br>WILLIAM B. RICHARDSON, JR.,(07)<br>KENNETH L. WRIGHT,       (08) | [18 U.S.C. §§ 1962(c),<br> 1962(d), and 1951] |
| Defendants. | |

INDICTMENT

<u>INDICTMENT</u>

The Grand Jury charges:

<u>COUNT 1</u>

<u>THE ENTERPRISE</u>

At all times material to this Indictment:

1.   The City and County of Honolulu was a political subdivision of the State of Hawaii.

2.   The City and County of Honolulu Liquor Commission (HLC) is a legal entity of the City and County of Honolulu, State of Hawaii.

3.   Pursuant to Hawaii Revised Statutes Section 281-17, and within the City and County of Honolulu, the HLC was responsible for controlling, supervising, and regulating the sale of liquor by investigation, enforcement, and education, and was responsible for granting, refusing, suspending, and revoking any license for the sale of liquor.

4.   The HLC was divided into two components.  The first component, the enforcement section, was primarily responsible for enforcing the rules and laws regulating the sale and service of liquor.  The enforcement section of the HLC was divided into a day shift and a night shift.  The second component, the licensing section, was primarily responsible for reviewing license applications.

5.  The HLC constituted an "enterprise" as that term is defined in Title 18, United States Code, Section 1961(4), which was engaged in, and activities of which affected, interstate commerce.

6.  The term "UC," as that term is used in this indictment, refers to a HLC investigator who cooperated with law enforcement and worked in an undercover capacity.

7.  The term "licensee," as that term is used in this indictment, refers to an establishment licensed by the HLC to sell liquor and under the jurisdiction of the HLC, and includes managers, owners, or employees of an establishment.

<u>THE DEFENDANTS</u>

8.  Defendants DAVID K.H. LEE and HARVEY T. HIRANAKA were employed by the HLC as Liquor Control Investigators III. LEE and HIRANAKA worked as supervisors assigned to the night shift of the enforcement section of the HLC.

9.  Defendants ARTHUR M. ANDRES, SAMUEL K.Y. HO, EDUARDO C. MINA, COLLIN M. OSHIRO, WILLIAM B. RICHARDSON, JR. and KENNETH L. WRIGHT were employed by the HLC as Liquor Control Investigators II.  ANDRES, HO, MINA, OSHIRO, RICHARDSON, and WRIGHT were assigned to the night shift of the enforcement section of the HLC.

10.  As HLC Investigators, the defendants were responsible for enforcing and upholding the laws and rules

3

regulating the sale of liquor and the laws and rules regulating the conduct of licensees. Among other duties, the defendants were responsible for inspecting licensee premises, ascertaining that licensees comply with the terms of their licenses, enforcing compliance with all applicable laws and rules, and conducting or assisting in investigations of liquor law and rule violations.

<u>THE PURPOSE OF THE RACKETEERING ACTIVITY</u>

11. It was the purpose of the Racketeering Activity that defendants LEE, HIRANAKA, ANDRES, HO, MINA, OSHIRO, RICHARDSON, and WRIGHT would and did enrich themselves through the corrupt use of their positions as Investigators with the HLC.

<u>MEANS AND METHODS</u>

12. Among other means and methods by which defendants LEE, HIRANAKA, ANDRES, HO, MINA, OSHIRO, RICHARDSON, and WRIGHT conducted and participated in the conduct of the affairs of the enterprise for their own personal gain and profit were the following:

a. All defendants obtained money or a thing of value directly from one or more licensees in return for not fully enforcing the liquor laws and/or rules.

b. Defendants LEE, HIRANAKA, ANDRES, HO, RICHARDSON, and WRIGHT obtained money from licensees and then provided a portion of that money to one or more co-defendants or

4

the UC, in return for not fully enforcing the liquor laws and/or rules.

    c.   Defendants LEE, HIRANAKA, HO, MINA, OSHIRO, RICHARDSON, and WRIGHT obtained money indirectly from the licensees, that is, obtained money from a co-defendant where that money was first paid to the co-defendant from a licensee, in return for not fully enforcing the liquor laws and/or rules.

    d.   Defendants ANDRES, MINA, and RICHARDSON, obtained money from the UC where that money was first paid to the UC from a licensee, in return for not fully enforcing the liquor laws and/or rules.

    e.   Defendant ANDRES introduced the UC to licensees so that the UC would obtain money directly from those licensees, in return for not fully enforcing the liquor laws and/or rules.

    f.   Defendants, after obtaining money directly from licensees, would often inform co-defendants which licensees were paying money to Investigators so that the co-defendants could go to that licensee to collect money.

<u>THE RACKETEERING VIOLATION</u>

    13.  From a time unknown to the Grand Jury but by in or about October, 2000 and continuing until in or about December 2001, in the District of Hawaii, defendants DAVID K.H. LEE, HARVEY T. HIRANAKA, ARTHUR M. ANDRES, SAMUEL K.Y. HO, EDUARDO C.

MINA, COLLIN M. OSHIRO, WILLIAM B. RICHARDSON, JR. and KENNETH L. WRIGHT, being persons employed by and associated with the City and County of Honolulu Liquor Commission, an enterprise engaged in and the activities of which affected interstate commerce, knowingly and unlawfully did conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, that is, through the commission of the following acts:

PATTERN OF RACKETEERING ACTIVITY

14.   The pattern of racketeering activity through which the defendants conducted the affairs of the enterprise consisted of the following:

(a) acts indictable under 18 U.S.C. § 1951, that is, on or about the dates set forth below, the defendants named below, in the District of Hawaii, did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion under color of official right, in violation of Title 18, United States Code, Section 1951 (Federal Extortion); and

(b) acts involving bribery, that is, on or about the dates set forth below, the defendants named below, in the District of Hawaii, while being public servants,

did solicit, accept, and agree to accept, directly and indirectly, a pecuniary benefit with the intent that the defendants' opinion, judgment, exercise of discretion and other action as public servants would be influenced, in violation of Hawaii Revised Statutes section 710-1040 (State Bribery).

15.    The following chart sets forth the acts of racketeering activity (Federal Extortion and State Bribery) and references to other counts in the Indictment where a defendant received a payment directly from a licensee.  The chart describes the defendant(s) obtaining the payment, the approximate date of the payment, the amount of the payment, and the establishment licensee to which the payment relates:

(RA# refers to a racketeering act number designating each racketeering act with its own identifying number)

| RA# | Defendant(s) | Approx. Date | Conduct & Licensee | Violation | Ind. Count |
|-----|--------------|--------------|--------------------|-----------|------------|
| 1a | RICHARDSON | 10/21/00 | Obtained $100 (Club New Lotte) | Federal Extortion | 3 |
| 1b | RICHARDSON | 10/21/00 | Obtained $100 (Club New Lotte) | State Bribery | |
| 2a | MINA | 12/8/00 | Obtained $40 (Club Gypsy Rose) | Federal Extortion | 9 |
| 2b | MINA | 12/8/00 | Obtained $40 (Club Gypsy Rose) | State Bribery | |
| 3a | WRIGHT | 12/10/00 | Obtained $200 (Club Hollywood) | Federal Extortion | 10 |
| 3b | WRIGHT | 12/10/00 | Obtained $200 (Club Hollywood) | State Bribery | |

| RA# | Defendant(s) | Approx. Date | Conduct & Licensee | Violation | Ind. Count |
|-----|-------------|--------------|-------------------|-----------|-----------|
| 4a | LEE | 12/11/00 | Obtained $200 (London Pub) | Federal Extortion | 11 |
| 4b | LEE | 12/11/00 | Obtained $200 (London Pub) | State Bribery | |
| 5a | HO | 12/20/00 | Obtained $100 (Club New Lotte) | Federal Extortion | 14 |
| 5b | HO | 12/20/00 | Obtained $100 (Club New Lotte) | State Bribery | |
| 6a | HO | 12/20/00 | Obtained $200 (New Office) | Federal Extortion | 15 |
| 6b | HO | 12/20/00 | Obtained $200 (New Office) | State Bribery | |
| 7a | HO | 12/20/00 | Obtained $100 and polo shirt (Club New Casino) | Federal Extortion | 16 |
| 7b | HO | 12/20/00 | Obtained $100 and polo shirt (Club New Casino) | State Bribery | |
| 8a | HIRANAKA | 12/26/00 | Obtained $500 (Emerald City) | Federal Extortion | 19 |
| 8b | HIRANAKA | 12/26/00 | Obtained $500 (Emerald City) | State Bribery | |
| 9a | HIRANAKA | 12/26/00 | Obtained $150 (Joyce Lounge) | Federal Extortion | 20 |
| 9b | HIRANAKA | 12/26/00 | Obtained $150 (Joyce Lounge) | State Bribery | |
| 10a | HIRANAKA RICHARDSON | 12/26/00 | Each obtained $500 (Exotic Nights) | Federal Extortion | 21 |
| 10b | HIRANAKA RICHARDSON | 12/26/00 | Each obtained $500 (Exotic Nights) | State Bribery | |
| 11a | HO | 12/27/00 | Obtained $150 (Joyce Lounge) | Federal Extortion | 23 |
| 11b | HO | 12/27/00 | Obtained $150 (Joyce Lounge) | State Bribery | |

| RA# | Defendant(s) | Approx. Date | Conduct & Licensee | Violation | Ind. Count |
|-----|--------------|--------------|--------------------|-----------|------------|
| 12a | HO | 12/27/00 | Obtained $50 and check cover (Club T-Time) | Federal Extortion | 24 |
| 12b | HO | 12/27/00 | Obtained $50 and check cover (Club T-Time) | State Bribery | |
| 13a | RICHARDSON | 1/3/01 | Obtained $200 (Club Sun) | Federal Extortion | 25 |
| 13b | RICHARDSON | 1/3/01 | Obtained $200 (Club Sun) | State Bribery | |
| 14a | OSHIRO | 1/10/01 | Obtained $150 (Chateau Blue) | Federal Extortion | 26 |
| 14b | OSHIRO | 1/10/01 | Obtained $150 (Chateau Blue) | State Bribery | |
| 15a | OSHIRO | 1/10/01 | Obtained $20 and a wallet (Red Carnation) | Federal Extortion | 27 |
| 15b | OSHIRO | 1/10/01 | Obtained $20 and a wallet (Red Carnation) | State Bribery | |
| 16a | HO | 1/11/01 | Obtained $100 (Club Azalea) | Federal Extortion | 28 |
| 16b | HO | 1/11/01 | Obtained $100 (Club Azalea) | State Bribery | |
| 17a | HO | 1/11/01 | Obtained $40 (Club Gypsy Rose) | Federal Extortion | 29 |
| 17b | HO | 1/11/01 | Obtained $40 (Club Gypsy Rose) | State Bribery | |
| 18a | HO | 1/11/01 | Obtained $100 (Club Mirage) | Federal Extortion | 30 |
| 18b | HO | 1/11/01 | Obtained $100 (Club Mirage) | State Bribery | |
| 19a | HIRANAKA HO RICHARDSON | 1/23/01 | Each obtained $100 (Club Sandy) | Federal Extortion | 31 |
| 19b | HIRANAKA HO RICHARDSON | 1/23/01 | Each obtained $100 (Club Sandy) | State Bribery | |

| RA# | Defendant(s) | Approx. Date | Conduct & Licensee | Violation | Ind. Count |
|-----|--------------|--------------|--------------------|-----------|-----------|
| 20a | HIRANAKA | 2/1/01 | Obtained $100 (Club Hollywood) | Federal Extortion | 34 |
| 20b | HIRANAKA | 2/1/01 | Obtained $100 (Club Hollywood) | State Bribery | |
| 21a | OSHIRO | 2/6/01 | Obtained $300 (Club Mimi) | Federal Extortion | 35 |
| 21b | OSHIRO | 2/6/01 | Obtained $300 (Club Mimi) | State Bribery | |
| 22a | HO | 2/7/01 | Obtained $300 (Club Mimi) | Federal Extortion | 36 |
| 22b | HO | 2/7/01 | Obtained $300 (Club Mimi) | State Bribery | |
| 23a | RICHARDSON | 2/8/01 | Obtained $300 (Club Mimi) | Federal Extortion | 37 |
| 23b | RICHARDSON | 2/8/01 | Obtained $300 (Club Mimi) | State Bribery | |
| 24a | RICHARDSON | 2/9/01 | Obtained $50 (Venus Night Club) | Federal Extortion | 39 |
| 24b | RICHARDSON | 2/9/01 | Obtained $50 (Venus Night Club) | State Bribery | |
| 25a | WRIGHT | 3/9/01 | Obtained $50 (Venus Night Club) | Federal Extortion | 44 |
| 25b | WRIGHT | 3/9/01 | Obtained $50 (Venus Night Club) | State Bribery | |
| 26a | HO | 3/13/01 | Obtained $200 (Club Mimi) | Federal Extortion | 45 |
| 26b | HO | 3/13/01 | Obtained $200 (Club Mimi) | State Bribery | |
| 27a | RICHARDSON | 3/23/01 | Obtained $100 (Club 77) | Federal Extortion | 48 |
| 27b | RICHARDSON | 3/23/01 | Obtained $100 (Club 77) | State Bribery | |
| 28a | RICHARDSON | 3/28/01 | Obtained $200 (Club Pink Rose) | Federal Extortion | 49 |

| RA# | Defendant(s) | Approx. Date | Conduct & Licensee | Violation | Ind. Count |
|-----|-------------|--------------|-------------------|-----------|-----------|
| 28b | RICHARDSON | 3/28/01 | Obtained $200 (Club Pink Rose) | State Bribery | |
| 29a | RICHARDSON | 4/14/01 | Obtained $100 (Club Femme Nu) | Federal Extortion | 53 |
| 29b | RICHARDSON | 4/14/01 | Obtained $100 (Club Femme Nu) | State Bribery | |
| 30a | ANDRES | 4/24/01 | Obtained $400 (Club By Me) | Federal Extortion | 55 |
| 30b | ANDRES | 4/24/01 | Obtained $400 (Club By Me) | State Bribery | |

16.  The following chart sets forth the acts of racketeering activity (Federal Extortion and State Bribery) and references to other counts in the Indictment where a defendant received a payment from a licensee and then provided a portion of that payment to a co-defendant or the UC.  The chart describes the defendant obtaining the payment, the defendant(s) receiving a portion of that payment, the approximate date of the payment, the amount of the payment, and the establishment licensee to which the payment relates:

| RA# | Defendant(s) | Approx. Date | Conduct & Licensee | Violation | Ind. Count |
|-----|-------------|--------------|-------------------|-----------|-----------|
| 31a | LEE RICHARDSON | 10/26/00 | Lee obtained currency (Club Baby Blue) - $200 from Lee to UC; $100 of the $200 from UC to Richardson | Federal Extortion | 4 |
| 31b | LEE RICHARDSON | 10/26/00 | Lee obtained currency (Club Baby Blue) - $200 from Lee to UC; $100 of the $200 from UC to Richardson | State Bribery | |

| RA# | Defendant(s) | Approx. Date | Conduct & Licensee | Violation | Ind. Count |
|---|---|---|---|---|---|
| 32a | LEE HO | 11/10/00 | Lee obtained currency (Honeymoon Lounge) - $100 from Lee to Ho; $100 from Lee to UC | Federal Extortion | 5 |
| 32b | LEE HO | 11/10/00 | Lee obtained currency (Honeymoon Lounge) - $100 from Lee to Ho; $100 from Lee to UC | State Bribery | |
| 33a | LEE HO RICHARDSON OSHIRO | 11/13/00 | Lee obtained currency (Club Junko) - $100 from Lee to Ho; $100 from Lee to Richardson; $100 from Lee to Oshiro; $100 from Lee to UC | Federal Extortion | 6 |
| 33b | LEE HO RICHARDSON OSHIRO | 11/13/00 | Lee obtained currency (Club Junko) - $100 from Lee to Ho; $100 from Lee to Richardson; $100 from Lee to Oshiro; $100 from Lee to UC | State Bribery | |
| 34a | LEE OSHIRO | 11/27/00 | Lee obtained currency (D'Amour) - $100 from Lee to UC; unknown amount from Lee to Oshiro | Federal Extortion | 7 |
| 34b | LEE OSHIRO | 11/27/00 | Lee obtained currency (D'Amour) - $100 from Lee to UC; unknown amount from Lee to Oshiro | State Bribery | |
| 35a | LEE OSHIRO WRIGHT | 12/8/00 | Lee obtained currency (Club Chance) - $100 from Lee to UC; $100 from Lee to Oshiro; $100 from Lee to Wright | Federal Extortion | 8 |

12

| RA# | Defendant(s) | Approx. Date | Conduct & Licensee | Violation | Ind. Count |
|-----|-------------|--------------|--------------------|-----------|------------|
| 35b | LEE OSHIRO WRIGHT | 12/8/00 | Lee obtained currency (Club Chance) - $100 from Lee to UC; $100 from Lee to Oshiro; $100 from Lee to Wright | State Bribery | |
| 36a | HO LEE WRIGHT | 12/15/00 | Ho obtained currency (Club SS) - $50 from Ho to Lee; $50 from Ho to Wright; $50 from Ho to UC | Federal Extortion | 12 |
| 36b | HO LEE WRIGHT | 12/15/00 | Ho obtained currency (Club SS) - $50 from Ho to Lee; $50 from Ho to Wright; $50 from Ho to UC | State Bribery | |
| 37a | LEE HO | 12/20/00 | Lee obtained currency (Club Memories) - unknown amount from Lee to Ho; $100 from Ho to UC | Federal Extortion | 13 |
| 37b | LEE HO | 12/20/00 | Lee obtained currency (Club Memories) - unknown amount from Lee to Ho; $100 from Ho to UC | State Bribery | |
| 38a | LEE HIRANAKA WRIGHT | 12/21/00 | Lee obtained currency (Club Ruby) - unknown amount from Lee to Hiranaka; $100 from Hiranaka to Wright; $100 from Hiranaka to UC | Federal Extortion | 17 |
| 38b | LEE HIRANAKA WRIGHT | 12/21/00 | Lee obtained currency (Club Ruby) - unknown amount from Lee to Hiranaka; $100 from Hiranaka to Wright; $100 from Hiranaka to UC | State Bribery | |

| RA# | Defendant(s) | Approx. Date | Conduct & Licensee | Violation | Ind. Count |
|-----|--------------|--------------|--------------------|-----------|------------|
| 39a | WRIGHT | 12/21/00 | Wright obtained currency (Club Sun) - $100 from Wright to UC | Federal Extortion | 18 |
| 39b | WRIGHT | 12/21/00 | Wright obtained currency (Club Sun) - $100 from Wright to UC | State Bribery | |
| 40a | ANDRES | 12/27/00 | Andres obtained currency and Tequila (Club Pearlridge) - $100 and bottle of Tequila from Andres to UC | Federal Extortion | 22 |
| 40b | ANDRES | 12/27/00 | Andres obtained currency and Tequila (Club Pearlridge) - $100 and bottle of Tequila from Andres to UC | State Bribery | |
| 41a | HO HIRANAKA RICHARDSON | 1/23/01 | Ho obtained $600 (Club Formosa) - $100 of the $600 from Ho to Hiranaka; $150 of the $600 from Ho to Richardson; $100 of the $600 from Ho to UC | Federal Extortion | 32 |
| 41b | HO HIRANAKA RICHARDSON | 1/23/01 | Ho obtained $600 (Club Formosa) - $100 of the $600 from Ho to Hiranaka; $150 of the $600 from Ho to Richardson; $100 of the $600 from Ho to UC | State Bribery | |
| 42a | RICHARDSON MINA | 1/30/01 | Richardson obtained $200 (Club Hollywood) - $100 of the $200 from Richardson to Mina | Federal Extortion | 33 |

14

| RA# | Defendant(s) | Approx. Date | Conduct & Licensee | Violation | Ind. Count |
|-----|--------------|--------------|--------------------|-----------|-----------|
| 42b | RICHARDSON MINA | 1/30/01 | Richardson obtained $200 (Club Hollywood) - $100 of the $200 from Richardson to Mina | State Bribery | |
| 43a | HIRANAKA RICHARDSON | 2/9/01 | Hiranaka obtained currency (Club Ruby) - $200 from Hiranaka to Richardson; $100 from Richardson to UC | Federal Extortion | 38 |
| 43b | HIRANAKA RICHARDSON | 2/9/01 | Hiranaka obtained currency (Club Ruby) - $200 from Hiranaka to Richardson; $100 from Richardson to UC | State Bribery | |
| 44a | HIRANAKA | 2/9/01 | Hiranaka obtained currency (C & S Lounge) - $100 from Hiranaka to UC | Federal Extortion | 40 |
| 44b | HIRANAKA | 2/9/01 | Hiranaka obtained currency (C & S Lounge) - $100 from Hiranaka to UC | State Bribery | |
| 45a | LEE HIRANAKA | 2/14/01 | Lee obtained currency (Satin Doll) - unknown amount from Lee to Hiranaka; $100 from Hiranaka to UC | Federal Extortion | 41 |
| 45b | LEE HIRANAKA | 2/14/01 | Lee obtained currency (Satin Doll) - unknown amount from Lee to Hiranaka; $100 from Hiranaka to UC | State Bribery | |
| 46a | HO | 2/21/01 | Ho obtained $200 (Club Miami) - $100 of the $200 from Ho to UC | Federal Extortion | 42 |
| 46b | HO | 2/21/01 | Ho obtained $200 (Club Miami) - $100 of the $200 from Ho to UC | State Bribery | |

| RA# | Defendant(s) | Approx. Date | Conduct & Licensee | Violation | Ind. Count |
|---|---|---|---|---|---|
| 47a | HO OSHIRO | 3/2/01 | Ho obtained $500 (Club Tomorrow) - approximately $250 of the $500 from Ho to Oshiro | Federal Extortion | 43 |
| 47b | HO OSHIRO | 3/2/01 | Ho obtained $500 (Club Tomorrow) - approximately $250 of the $500 from Ho to Oshiro | State Bribery | |
| 48a | HO | 3/13/01 | Ho obtained $300 (Club Tomorrow) - $300 of the $300 from Ho to UC | Federal Extortion | 46 |
| 48b | HO | 3/13/01 | Ho obtained $300 (Club Tomorrow) - $300 of the $300 from Ho to UC | State Bribery | |
| 49a | HO | 3/21/01 | Ho obtained $400 (Club Pink Carp) - $200 of the $400 from Ho to UC | Federal Extortion | 47 |
| 49b | HO | 3/21/01 | Ho obtained $400 (Club Pink Carp) - $200 of the $400 from Ho to UC | State Bribery | |
| 50a | RICHARDSON | 3/28/01 | Richardson obtained $100 (Club Dream Girls) - $50 of the $100 from Richardson to UC | Federal Extortion | 51 |
| 50b | RICHARDSON | 3/28/01 | Richardson obtained $100 (Club Dream Girls) - $50 of the $100 from Richardson to UC | State Bribery | |
| 51a | LEE WRIGHT HO | 4/19/01 | Lee obtained currency (Club Tahoe) - $100 from Lee to Wright; $100 from Lee to Ho; $100 from Lee to UC | Federal Extortion | 54 |

| RA# | Defendant(s) | Approx. Date | Conduct & Licensee | Violation | Ind. Count |
|-----|--------------|--------------|--------------------|-----------|------------|
| 51b | LEE WRIGHT HO | 4/19/01 | Lee obtained currency (Club Tahoe) - $100 from Lee to Wright; $100 from Lee to Ho; $100 from Lee to UC | State Bribery | |
| 52a | ANDRES WRIGHT | 6/22/01 | Andres obtained currency (Club Moonlight) - $100 from Andres to UC; $100 from Andres to Wright | Federal Extortion | 56 |
| 52b | ANDRES WRIGHT | 6/22/01 | Andres obtained currency (Club Moonlight) - $100 from Andres to UC; $100 from Andres to Wright | State Bribery | |

17.    The following chart sets forth the acts of
racketeering activity (Federal Extortion and State Bribery) and
references to other counts in the Indictment where a defendant
received a payment from the UC that the UC had received from a
licensee.  The chart describes the defendant that received the
payment from the UC, the approximate date of the payment, the
amount of the payment to the UC and then to the defendant, and the
establishment licensee to which the payment relates:

| RA# | Defendant(s) | Approx. Date | Conduct & Licensee | Violation | Ind. Count |
|-----|--------------|--------------|--------------------|-----------|------------|
| 53a | RICHARDSON | 3/28/01 | approximately $1080 to UC (Club Rock-Za); approximately $540 of the $1080 from UC to Richardson | Federal Extortion | 50 |

| RA# | Defendant(s) | Approx. Date | Conduct & Licensee | Violation | Ind. Count |
|-----|-------------|------|--------------------|-----------|------|
| 53b | RICHARDSON | 3/28/01 | approximately $1080 to UC (Club Rock-Za); approximately $540 of the $1080 from UC to Richardson | State Bribery | |
| 54a | ANDRES | 4/4/01 | $400 to UC (Club Tomorrow); $200 of the $400 from UC to Andres | Federal Extortion | 52 |
| 54b | ANDRES | 4/4/01 | $400 to UC (Club Tomorrow); $200 of the $400 from UC to Andres | State Bribery | |
| 55a | MINA | 9/21/01 | $200 to UC (Club My Library); $100 of the $200 from UC to Mina | Federal Extortion | 57 |
| 55b | MINA | 9/21/01 | $200 to UC (Club My Library); $100 of the $200 from UC to Mina | State Bribery | |

18.  The following chart sets forth the acts of racketeering activity (Federal Extortion and State Bribery) where Defendant ANDRES introduced the UC to a licensee so that UC would receive money directly from that licensee.  The chart describes the approximate date of the payment, the amount obtained by the UC, and the establishment licensee to which the payment relates:

| RA# | Approx. Date | Conduct & Licensee | Violation |
|-----|-------------|--------------------|-----------|
| 56a | 12/29/00 | $200 (Club Monique) | Federal Extortion |
| 56b | 12/29/00 | $200 (Club Monique) | State Bribery |
| 57a | 12/29/00 | $100 (Club Best Friend) | Federal Extortion |
| 57b | 12/29/00 | $100 (Club Best Friend) | State Bribery |

18

| RA# | Approx. Date | Conduct & Licensee | Violation |
|-----|--------------|--------------------|-----------|
| 58a | 12/29/00 | $100 (Club Love) | Federal Extortion |
| 58b | 12/29/00 | $100 (Club Love) | State Bribery |

All in violation of Title 18, United States Code, Section 1962(c).

### COUNT 2

1.   Paragraphs 1 through 12 of Count 1 of this Indictment are incorporated herein by reference.

2.   From a date unknown to the Grand Jury but by approximately October 2000 and continuing until approximately December 2001, in the District of Hawaii, defendants DAVID K.H. LEE, HARVEY T. HIRANAKA, ARTHUR M. ANDRES, SAMUEL K.Y. HO, EDUARDO C. MINA, COLLIN M. OSHIRO, WILLIAM B. RICHARDSON, JR. and KENNETH L. WRIGHT, being persons employed by and associated with the City and County of Honolulu Liquor Commission, an enterprise which engaged in, and the activities of which affected, interstate commerce, knowingly, and intentionally conspired to violate 18 U.S.C. § 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as that term is defined in 18 U.S.C. § 1961(1) and (5).  The pattern of racketeering activity through which the defendants agreed to conduct the affairs of the enterprise consisted of the acts set

19

forth in paragraphs 15, 16, 17, and 18 as racketeering acts 1a - 58b of Count 1 of this Indictment, which are incorporated as if fully set forth here.

3.   It was a further part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

All in violation of Title 18, United States Code, Section 1962(d).

### COUNT 3

[Racketeering Act 1a]

1.   Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.   On or about October 21, 2000, in the District of Hawaii, defendant WILLIAM B. RICHARDSON, JR. did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant RICHARDSON unlawfully obtained money not due defendant or his office from Club New Lotte, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

## COUNT 4

### [Racketeering Act 31a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about October 26, 2000, in the District of Hawaii, defendants DAVID K.H. LEE and WILLIAM B. RICHARDSON, JR. did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendants LEE and RICHARDSON unlawfully obtained money not due defendants or their office from Club Baby Blue, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

## COUNT 5

### [Racketeering Act 32a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about November 10, 2000, in the District of Hawaii, defendants DAVID K.H. LEE and SAMUEL K.Y. HO did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendants LEE and HO unlawfully obtained money not due defendants or their office from

21

Honeymoon Lounge, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

COUNT 6

[Racketeering Act 33a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about November 13, 2000, in the District of Hawaii, defendants DAVID K.H. LEE, SAMUEL K.Y. HO, WILLIAM B. RICHARDSON, JR., and COLLIN M. OSHIRO did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendants LEE, HO, RICHARDSON, and OSHIRO unlawfully obtained money not due defendants or their office from Club Junko, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

COUNT 7

[Racketeering Act 34a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

22

2.    On or about November 27, 2000, in the District of
Hawaii, defendants DAVID K.H. LEE and COLLIN M. OSHIRO did
knowingly, willfully, and unlawfully affect and attempt to affect
interstate commerce and the movement of articles and commodities
in interstate commerce by extortion, in that defendants LEE and
OSHIRO unlawfully obtained money not due defendants or their
office from D'Amour, a licensee, with consent, under color of
official right.

All in violation of Title 18, United States Code,
Section 1951.

COUNT 8

[Racketeering Act 35a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1
of this Indictment are incorporated herein by reference.

2.    On or about December 8, 2000, in the District of
Hawaii, defendants DAVID K.H. LEE, COLLIN M. OSHIRO, and
KENNETH L. WRIGHT did knowingly, willfully, and unlawfully affect
and attempt to affect interstate commerce and the movement of
articles and commodities in interstate commerce by extortion, in
that defendants LEE, OSHIRO, and WRIGHT unlawfully obtained money
not due defendants or their office from Club Chance, a licensee,
with consent, under color of official right.

All in violation of Title 18, United States Code,
Section 1951.

23

## COUNT 9

### [Racketeering Act 2a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about December 8, 2000, in the District of Hawaii, defendant EDUARDO C. MINA did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant MINA unlawfully obtained money not due defendant or his office from Club Gypsy Rose, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

## COUNT 10

### [Racketeering Act 3a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about December 10, 2000, in the District of Hawaii, defendant KENNETH L. WRIGHT did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant WRIGHT unlawfully obtained money not due defendant or his office from Club Hollywood, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

## COUNT 11

### [Racketeering Act 4a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about December 11, 2000, in the District of Hawaii, defendant DAVID K.H. LEE did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant LEE unlawfully obtained money not due defendant or his office from London Pub, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

## COUNT 12

### [Racketeering Act 36a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about December 15, 2000, in the District of Hawaii, defendants SAMUEL K.Y. HO, DAVID K.H. LEE, and KENNETH L. WRIGHT did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that

defendants HO, LEE, and WRIGHT unlawfully obtained money not due

defendants or their office from Club SS, a licensee, with consent,

under color of official right.

All in violation of Title 18, United States Code,

Section 1951.

## COUNT 13

[Racketeering Act 37a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1

of this Indictment are incorporated herein by reference.

2.    On or about December 20, 2000, in the District of

Hawaii, defendants DAVID K.H. LEE and SAMUEL K.Y. HO did

knowingly, willfully, and unlawfully affect and attempt to affect

interstate commerce and the movement of articles and commodities

in interstate commerce by extortion, in that defendants LEE and HO

unlawfully obtained money not due defendants or their office from

Club Memories, a licensee, with consent, under color of official

right.

All in violation of Title 18, United States Code,

Section 1951.

## COUNT 14

[Racketeering Act 5a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1

of this Indictment are incorporated herein by reference.

2.   On or about December 20, 2000, in the District of Hawaii, defendant SAMUEL K.Y. HO did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant HO unlawfully obtained money not due defendant or his office from Club New Lotte, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

## COUNT 15

[Racketeering Act 6a]

1.   Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.   On or about December 20, 2000, in the District of Hawaii, defendant SAMUEL K.Y. HO did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant HO unlawfully obtained money not due defendant or his office from New Office, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

## COUNT 16

### [Racketeering Act 7a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about December 20, 2000, in the District of Hawaii, defendant SAMUEL K.Y. HO did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant HO unlawfully obtained money not due defendant or his office from Club New Casino, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

## COUNT 17

### [Racketeering Act 38a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about December 21, 2000, in the District of Hawaii, defendants DAVID K.H. LEE, HARVEY T. HIRANAKA, and KENNETH L. WRIGHT did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendants LEE, HIRANAKA, and WRIGHT unlawfully obtained money not

due defendants or their office from Club Ruby, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

## COUNT 18

[Racketeering Act 39a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about December 21, 2000, in the District of Hawaii, defendant KENNETH L. WRIGHT did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant WRIGHT unlawfully obtained money not due defendant or his office from Club Sun, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

## COUNT 19

[Racketeering Act 8a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about December 26, 2000, in the District of Hawaii, defendant HARVEY T. HIRANAKA did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and

the movement of articles and commodities in interstate commerce by extortion, in that defendant HIRANAKA unlawfully obtained money not due defendant or his office from Emerald City, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

## COUNT 20

[Racketeering Act 9a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about December 26, 2000, in the District of Hawaii, defendant HARVEY T. HIRANAKA did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant HIRANAKA unlawfully obtained money not due defendant or his office from Joyce Lounge, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

## COUNT 21

[Racketeering Act 10a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.   On or about December 26, 2000, in the District of Hawaii, defendants HARVEY T. HIRANAKA and WILLIAM B. RICHARDSON, JR., did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendants HIRANAKA and RICHARDSON unlawfully obtained money not due defendants or their office from Exotic Nights, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

COUNT 22

[Racketeering Act 40a]

1.   Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.   On or about December 27, 2000, in the District of Hawaii, defendant ARTHUR M. ANDRES did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant ANDRES unlawfully obtained money not due defendant or his office from Club Pearlridge, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

COUNT 23

[Racketeering Act 11a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about December 27, 2000, in the District of Hawaii, defendant SAMUEL K.Y. HO did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant HO unlawfully obtained money not due defendant or his office from Joyce Lounge, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

COUNT 24

[Racketeering Act 12a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about December 27, 2000, in the District of Hawaii, defendant SAMUEL K.Y. HO did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant HO unlawfully obtained money not due defendant or his office from Club T-Time, a licensee, with consent, under color of official right.

32

All in violation of Title 18, United States Code, Section 1951.

## COUNT 25

### [Racketeering Act 13a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about January 3, 2001, in the District of Hawaii, defendant WILLIAM B. RICHARDSON, JR., did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant RICHARDSON unlawfully obtained money not due defendant or his office from Club Sun, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

## COUNT 26

### [Racketeering Act 14a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about January 10, 2001, in the District of Hawaii, defendant COLLIN M. OSHIRO did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant OSHIRO unlawfully obtained money not

33

due defendant or his office from Chateau Blue, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

### COUNT 27

[Racketeering Act 15a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about January 10, 2001, in the District of Hawaii, defendant COLLIN M. OSHIRO did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant OSHIRO unlawfully obtained money not due defendant or his office from Red Carnation, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

### COUNT 28

[Racketeering Act 16a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about January 11, 2001, in the District of Hawaii, defendant SAMUEL K.Y. HO did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and

34

the movement of articles and commodities in interstate commerce by extortion, in that defendant HO unlawfully obtained money not due defendant or his office from Club Azalea, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

### COUNT 29

[Racketeering Act 17a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about January 11, 2001, in the District of Hawaii, defendant SAMUEL K.Y. HO did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant HO unlawfully obtained money not due defendant or his office from Club Gypsy Rose, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

### COUNT 30

[Racketeering Act 18a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

35

2.   On or about January 11, 2001, in the District of Hawaii, defendant SAMUEL K.Y. HO did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant HO unlawfully obtained money not due defendant or his office from Club Mirage, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

### COUNT 31

[Racketeering Act 19a]

1.   Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.   On or about January 23, 2001, in the District of Hawaii, defendants HARVEY T. HIRANAKA, SAMUEL K.Y. HO, and WILLIAM B. RICHARDSON, JR. did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendants HIRANAKA, HO, and RICHARDSON unlawfully obtained money not due defendants or their office from Club Sandy, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

COUNT 32

[Racketeering Act 41a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about January 23, 2001, in the District of Hawaii, defendants SAMUEL K.Y. HO, HARVEY T. HIRANAKA, and WILLIAM B. RICHARDSON did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendants HO, HIRANAKA, and RICHARDSON unlawfully obtained money not due defendants or their office from Club Formosa, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

COUNT 33

[Racketeering Act 42a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about January 30, 2001, in the District of Hawaii, defendants WILLIAM B. RICHARDSON and EDUARDO C. MINA did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendants RICHARDSON and MINA unlawfully obtained money not due defendants or their

office from Club Hollywood, a licensee, with consent, under color
of official right.

All in violation of Title 18, United States Code,
Section 1951.

## COUNT 34

### [Racketeering Act 20a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1
of this Indictment are incorporated herein by reference.

2.    On or about February 1, 2001, in the District of
Hawaii, defendant HARVEY T. HIRANAKA did knowingly, willfully, and
unlawfully affect and attempt to affect interstate commerce and
the movement of articles and commodities in interstate commerce by
extortion, in that defendant HIRANAKA unlawfully obtained money
not due defendant or his office from Club Hollywood, a licensee,
with consent, under color of official right.

All in violation of Title 18, United States Code,
Section 1951.

## COUNT 35

### [Racketeering Act 21a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1
of this Indictment are incorporated herein by reference.

2.    On or about February 6, 2001, in the District of
Hawaii, defendant COLLIN M. OSHIRO did knowingly, willfully, and
unlawfully affect and attempt to affect interstate commerce and

the movement of articles and commodities in interstate commerce by extortion, in that defendant OSHIRO unlawfully obtained money not due defendant or his office from Club Mimi, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

## COUNT 36

[Racketeering Act 22a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about February 7, 2001, in the District of Hawaii, defendant SAMUEL K.Y. HO did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant HO unlawfully obtained money not due defendant or his office from Club Mimi, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

## COUNT 37

[Racketeering Act 23a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about February 8, 2001, in the District of Hawaii, defendant WILLIAM B. RICHARDSON, JR. did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant RICHARDSON unlawfully obtained money not due defendant or his office from Club Mimi, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

## COUNT 38

### [Racketeering Act 43a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about February 9, 2001, in the District of Hawaii, defendants HARVEY T. HIRANAKA and WILLIAM B. RICHARDSON, JR. did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendants HIRANAKA and RICHARDSON unlawfully obtained money not due defendants or their office from Club Ruby, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

COUNT 39

[Racketeering Act 24a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about February 9, 2001, in the District of Hawaii, defendant WILLIAM B. RICHARDSON, JR. did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant RICHARDSON unlawfully obtained money not due defendant or his office from Venus Night Club, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

COUNT 40

[Racketeering Act 44a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about February 9, 2001, in the District of Hawaii, defendant HARVEY T. HIRANAKA did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant HIRANAKA unlawfully obtained money

not due defendant or his office from C & S Lounge, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

## COUNT 41

[Racketeering Act 45a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about February 14, 2001, in the District of Hawaii, defendants DAVID K.H. LEE and HARVEY T. HIRANAKA did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendants LEE and HIRANAKA unlawfully obtained money not due defendants or their office from Satin Doll, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

## COUNT 42

[Racketeering Act 46a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about February 21, 2001, in the District of Hawaii, defendant SAMUEL K.Y. HO did knowingly, willfully, and

42

unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant HO unlawfully obtained money not due defendant or his office from Club Miami, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

COUNT 43

[Racketeering Act 47a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about March 2, 2001, in the District of Hawaii, defendants SAMUEL K.Y. HO and COLLIN M. OSHIRO did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendants HO and OSHIRO unlawfully obtained money not due defendants or their office from Club Tomorrow, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

COUNT 44

[Racketeering Act 25a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about March 9, 2001, in the District of Hawaii, defendant KENNETH L. WRIGHT did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant WRIGHT unlawfully obtained money not due defendant or his office from Venus Night Club, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

COUNT 45

[Racketeering Act 26a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about March 13, 2001, in the District of Hawaii, defendant SAMUEL K.Y. HO did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant HO unlawfully obtained money not due defendant or his office from Club Mimi, a licensee, with consent, under color of official right.

44

All in violation of Title 18, United States Code, Section 1951.

## COUNT 46

[Racketeering Act 48a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about March 13, 2001, in the District of Hawaii, defendant SAMUEL K.Y. HO did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant HO unlawfully obtained money not due defendant or his office from Club Tomorrow, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

## COUNT 47

[Racketeering Act 49a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about March 21, 2001, in the District of Hawaii, defendant SAMUEL K.Y. HO did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant HO unlawfully obtained money not due

45

defendant or his office from Club Pink Carp, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

## COUNT 48

[Racketeering Act 27a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about March 23, 2001, in the District of Hawaii, defendant WILLIAM B. RICHARDSON, JR. did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant RICHARDSON unlawfully obtained money not due defendant or his office from Club 77, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

## COUNT 49

[Racketeering Act 28a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about March 28, 2001, in the District of Hawaii, defendant WILLIAM B. RICHARDSON, JR. did knowingly, willfully, and unlawfully affect and attempt to affect interstate

commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant RICHARDSON unlawfully obtained money not due defendant or his office from Club Pink Rose, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

## COUNT 50

### [Racketeering Act 53a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about March 28, 2001, in the District of Hawaii, defendant WILLIAM B. RICHARDSON, JR. did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant RICHARDSON unlawfully obtained money not due defendant or his office from Club Rock-Za, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

COUNT 51

[Racketeering Act 50a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about March 28, 2001, in the District of Hawaii, defendant WILLIAM B. RICHARDSON, JR. did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant RICHARDSON unlawfully obtained money not due defendant or his office from Club Dream Girls, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

COUNT 52

[Racketeering Act 54a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about April 4, 2001, in the District of Hawaii, defendant ARTHUR M. ANDRES did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant ANDRES unlawfully obtained money not

due defendant or his office from Club Tomorrow, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

## COUNT 53

[Racketeering Act 29a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about April 14, 2001, in the District of Hawaii, defendant WILLIAM B. RICHARDSON, JR. did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant RICHARDSON unlawfully obtained money not due defendant or his office from Club Femme Nu, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

## COUNT 54

[Racketeering Act 51a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about April 19, 2001, in the District of Hawaii, defendants DAVID K.H. LEE, KENNETH L. WRIGHT, and SAMUEL

49

K.Y. HO did knowingly, willfully, and unlawfully affect and
attempt to affect interstate commerce and the movement of articles
and commodities in interstate commerce by extortion, in that
defendants LEE, WRIGHT, and HO unlawfully obtained money not due
defendants or their office from Club Tahoe, a licensee, with
consent, under color of official right.

All in violation of Title 18, United States Code,
Section 1951.

## COUNT 55

### [Racketeering Act 30a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1
of this Indictment are incorporated herein by reference.

2.    On or about April 24, 2001, in the District of
Hawaii, defendant ARTHUR M. ANDRES did knowingly, willfully, and
unlawfully affect and attempt to affect interstate commerce and
the movement of articles and commodities in interstate commerce by
extortion, in that defendant ANDRES unlawfully obtained money not
due defendant or his office from Club By Me, a licensee, with
consent, under color of official right.

All in violation of Title 18, United States Code,
Section 1951.

COUNT 56

[Racketeering Act 52a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about June 22, 2001, in the District of Hawaii, defendants ARTHUR M. ANDRES and KENNETH L. WRIGHT did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendants ANDRES and WRIGHT unlawfully obtained money not due defendants or their office from Club Moonlight, a licensee, with consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951.

COUNT 57

[Racketeering Act 55a]

1.    Paragraphs 1 through 4 and 7 through 10 of Count 1 of this Indictment are incorporated herein by reference.

2.    On or about September 21, 2001, in the District of Hawaii, defendant EDUARDO C. MINA did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that defendant MINA unlawfully obtained money not

due defendant or his office from Club My Library, a licensee, with

consent, under color of official right.

All in violation of Title 18, United States Code,

Section 1951.

DATED:  May 22, 2002, at Honolulu, Hawaii.

A TRUE BILL

/s/

_____
FOREPERSON, GRAND JURY

_____
EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
J. MICHAEL SEABRIGHT
CRAIG H. NAKAMURA
Assistant U.S. Attorneys

USA v. DAVID K. H. LEE, et al.
"Indictment"