Prob 12C
(Rev. 1/06 D/HI)

# ORIGINAL

## SEALED BY ORDER OF THE COURT
### United States District Court
### for the
### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 13 2007

at ___ o'clock and __ min. __ M.
SUE BEITIA, CLERK

U.S.A. vs. COLLIN M. OSHIRO          Docket No. CR 02-00209DAE-06

### REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW SYDNEY L. FLEMING, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Collin M. Oshiro, who was placed on supervision by the Honorable David Alan Ezra, sitting in the Court at Honolulu, Hawaii, on the 30th day of August 2004, who fixed the period of supervision at 2 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant provide the Probation Office access to any requested financial information.

2. That the fine of $2,000 be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his gross income. Interest is waived.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his supervised release (Probation Form 7A attached) as follows:

1. On 11/27/2007, the offender engaged in conduct constituting Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes § 291E-0061 and the General Condition.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.



SEALED
BY ORDER OF THE COURT

3

Prob 12C
(Rev. 1/06 D/HI)

2

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on   12/12/2007

SYDNEY L. FLEMING
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 12th day of December, 2007, and ordered filed and made a part of the records in the above case.

DAVID ALAN EZRA
U.S. District Judge

Re:   **OSHIRO, Collin M.**
      **Criminal No. CR 02-00209DAE-06**
      **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

The offender pled guilty to Count 2: Conspiracy to Violate the Racketeer Influenced Corrupt Organizations Act; and Counts 7 and 35: Extortion Under Color of Official Right, all Class C felonies. On 8/30/2004, he was sentenced to twenty-two (22) months imprisonment as to each of Counts 2,7, and 35, with all terms to run concurrently, to be followed by two (2) years supervised release as to each of Counts 2, 7, and 35, with all such terms to run concurrently. The special conditions of supervised release are noted on the facesheet of the petition.

The violations are as follows:

**Violation No. 1 - Offender Engaged in Conduct Constituting Operating a Vehicle Under the Influence of an Intoxicant**: On 11/27/2007, the offender called the undersigned and left a message reporting that he was arrested by the Honolulu Police Department (HPD) on 11/26/2007 for Operating a Vehicle Under the Influence of an Intoxicant (OVUII). On 11/30/2007, when questioned about the arrest, the offender stated that he had been drinking beers at a Japanese bar (whose name he could not recall) near Keeaumoku Street on the evening of 11/26/2007. He admitted to drinking approximately ten (10) to twelve (12) beers "within a few hours." The offender also admitted that he "used bad judgement" and "accepts full responsibility" for his actions.

According to the police report, on 11/26/2007, at approximately 11:55 p.m., a police officer observed the offender swerving between lanes on the Moanalua Freeway West. The report stated that the offender's vehicle began to swerve to the right lane and crossed over it with its front and rear tires. When the vehicle realized that it crossed into the #2 lane, it immediately swerved to the left and back into the #3 lane. The vehicle did not signal as it switched lanes. The officer noted that the suspect vehicle continued the right to left snake-like manner within its lane for about half of a mile. The officer subsequently signaled for the offender to stop.

Upon approaching the offender's vehicle, the officer noted that he detected a strong odor of an unknown alcoholic beverage emitting from the vehicle and from the offender's breath. He also observed that the offender had red, watery eyes and that he kept fumbling with his paper work and had difficulty pulling out his driver's license. The offender admitted to the officer that he had a few drinks at the Beach Point Bar off of Sheridan Street in Honolulu.

A second officer assisting with the traffic stop observed that the offender's eyes "appeared to be watery and glassy and an odor of what appeared to be an alcoholic type beverage came from his face and mouth area."

Re: OSHIRO, Collin M.
Criminal No. CR 02-00209DAE-06
REVOCATION OF SUPERVISED RELEASE
STATEMENT OF FACTS - Page 2

Upon observation of the offender's appearance and demeanor, the officers conducted a Standardized Field Sobriety Test (SFST) and administered the Preliminary Alcohol Screening (PAS), a field test to determine blood alcohol content. The screening result indicated that the offender's blood alcohol content was 0.160%. The legal limit for blood alcohol content in the state of Hawaii is 0.08%.

Based upon the results of the SFST and the PAS, on 11/27/2007 at approximately 12:20 a.m., the offender was arrested for Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes § 291E-0061, and transported to the Kalihi substation. At 1:20 a.m., an Intoxilyzer examination was administered at the Kalihi substation indicating that the offender's blood alcohol content was 0.173%.

The offender's drinking and conduct, which resulted in his arrest, compromises the safety of the community. Based upon the seriousness of his violation and the potential danger posed, we respectfully request that the Court issue a No Bail warrant for the offender's appearance before the Court to show cause why supervision should not be revoked.

The offender's trial in State Court for the arrest on 11/27/2007 is scheduled for 12/28/2007.

Respectfully submitted by,

SYDNEY L. FLEMING
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

SLF/dck

Re:     **OSHIRO, Collin M.**
        **Criminal No. CR 02-00209DAE-06**
        **REVOCATION OF SUPERVISED RELEASE**
        **STATEMENT OF FACTS - Page 3**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

That the defendant is prohibited from the possession and use of alcohol.

That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

PROB 7A
(Rev. 9/00; D/HI 10/05)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

FOR THE

## DISTRICT OF HAWAII

To:     Collin M. Oshiro                              Docket No. CR 02-00209DAE-06

    Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable David Alan Ezra, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of TWO (2) YEARS commencing upon release from confinement (8/9/06).

    The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

    The defendant shall not commit another federal, state, or local crime.

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter.

- [x] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [ ] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1) The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support his or her dependents and meet other family responsibilities;

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

See next page for special conditions

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     8-7-06
COLLIN M. OSHIRO                              6-14-06
Defendant                                     Date
                                              8/9/06

_____               6/14/06
JOYCE K. F. K. LUM                            Date
U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 10/05)

RE:   OSHIRO, Collin M.
      Docket No. CR 02-00209DAE-06

Conditions of Probation and Supervised Release<br>**(continued from previous page)**

1.  That the defendant provide the Probation Office access to any requested financial information.

2.  That the fine of $2,000 to be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less that 10 percent of his monthly gross income. Interest is waived.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     8-9-06
          COLLIN M. OSHIRO                    6-14-06
          Defendant                            Date

         _____     8/9/06
         JOYCE K. F. K. LUM                   6/14/06
         U.S. Probation Officer                Date